UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED
JAN 2 2 2015

CLERK

| | |
|---|---|
| KENNETH C. HUBER,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG,<br>and THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Defendants. | 3:14-CV-03007-RAL<br><br><br>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS APPLICATION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Kenneth C. Huber petitioned this Court for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Doc. 1. Following a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court ordered Respondents Darin Young and the Attorney General of the State of South Dakota (collectively, the State) to respond. Doc. 6. The State responded by filing a motion to dismiss the petition as time-barred, Doc. 8, and a memorandum in support thereof, Doc. 9. Huber, through retained counsel, Doc. 11, responded to the motion to dismiss, Doc. 14. For the reasons stated below this Court has determined that Huber's petition is time-barred, and therefore grants the State's motion to dismiss.

## II. BACKGROUND

On October 28, 2007, Huber, a former police officer, shot his wife, Pam, in the forehead with his service pistol as she lay in their bed next to the couple's eleven-year-old daughter. State v.

Huber, 789 N.W.2d 283, 287 (S.D. 2010). On November 2, 2007, Pam died, and Huber subsequently was charged with first degree murder for her death. Id. at 286, 288. The main issue at trial was whether Huber shot Pam intentionally or whether the shooting was an accident. Id. at 286. A jury found Huber guilty of first-degree murder, and Huber appealed his conviction to the Supreme Court of South Dakota (S.D. Supreme Court). Id. That court considered the following issues:

> 1. Whether the circuit court abused its discretion in allowing the State's expert to testify that the events were inconsistent with an accidental act of a well-trained police officer.
>
> 2. Whether the circuit court abused its discretion in excluding Huber's expert's testimony that (1) law enforcement officers accidentally discharge their firearms, and (2) there are possible causes of accidental discharges.
>
> 3. Whether the circuit court abused its discretion in excluding Huber's rebuttal evidence of another law enforcement officer who accidentally discharged a Glock handgun.
>
> 4. Whether the circuit court abused its discretion in admitting Pam's out-of-court statements and Huber's other acts evidence.

Id. at 288. The S.D. Supreme Court remanded the case to the circuit court for a new trial, finding it erred in excluding testimony from Huber's expert regarding accidental discharge. Id. at 303. The S.D. Supreme Court affirmed the trial court's rulings on all other issues. Id.

Following remand, a second jury found Huber guilty of first-degree murder. Doc. 9-1. The Circuit Court for the Sixth Judicial Circuit of South Dakota sentenced Huber to life imprisonment without the possibility of parole on May 24, 2011, and the judgment was filed on May 26, 2011.[1] Id. Huber did not appeal his conviction following the second trial. Doc. 1 at 2; Doc. 9 at 3.

Huber filed a verified petition for writ of habeas corpus in the circuit court on March 1, 2013. Doc. 9-2. Huber asserted that his conviction violated his Fifth and Fourteenth Amendment rights to a fair trial due to improper admission of hearsay and other acts evidence and inadequate limiting

---

[1] The circuit court's judgment of sentence appears to have two filing stamps—one dated May 24, 2011, and one dated May 26, 2011. Doc. 9-1. This Court will treat the judgment as filed on May 26, 2011, to give Huber the benefit of the ambiguity created by the two filing stamps.

2

instructions regarding such evidence. Id. at 2. Huber also argued his conviction was obtained in violation of his constitutional right to effective assistance of counsel, arguing that his trial counsel failed to properly object to the admission of the other acts, bad character, and hearsay evidence and failed to request limiting instructions when such evidence was admitted. Id. at 2–3. On October 29, 2013, the circuit court dismissed Huber's petition on the merit of his claims. Docs. 1-2, 9-3. The S.D. Supreme Court denied a certificate of appeal, finalizing the state habeas proceedings, on March 14, 2014. Docs. 1-4, 9-6. Huber is currently confined in the South Dakota State Penitentiary in Sioux Falls, South Dakota. Doc. 1.

On May 29, 2014, Huber filed his petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of South Dakota. Doc. 1. In his federal petition, Huber claims the same grounds for relief as he stated in his state habeas petition. Doc. 1 at 4–6. Huber did not offer any explanation why the one-year statute of limitations set by 28 U.S.C. § 2244(d)(1) should not bar relief in his original petition. Id. at 4.

### III. ANALYSIS

A person in custody pursuant to a state-court judgment may petition a federal district court for writ of habeas corpus on the ground that he or she is in custody in violation of the United States Constitution or federal law. 28 U.S.C. § 2254. The petition for writ is subject to a one-year statute of limitations, which, absent circumstances not present in this case, begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). The statute includes a provision that tolls the limitations period while state post-conviction or other collateral review of the judgment is pending. 28 U.S.C. § 2244(d)(2). In addition to the tolling of the statute of limitations provided by § 2244(d)(2), the one-year statute of limitations may be tolled under the doctrine of equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010); Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999).

3

Huber did not appeal his final conviction after his second jury trial to the S.D. Supreme Court, so the statute of limitations period began at "the expiration of the time for seeking such review." Id. at § 2244(d)(1)(A). Final judgment after his second jury trial was entered in Huber's case on May 26, 2011. Appeals in criminal cases in South Dakota must be filed within thirty days of entry of final judgment. S.D. Codified Laws (SDCL) § 23A-32-15. In Huber's case, thirty days after his final judgment was June 25, 2011, a Saturday, so Huber's final day to file an appeal would have been the following Monday, June 27, 2011. SDCL § 15-6-6(a) (stating that, when the last day of the period in which an action must be taken falls on a Saturday, Sunday, or legal holiday, the period runs until the end of the next business day). The clock on the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) began running on the next day, June 28, 2011. See Fed. R. Civ. P. 6(a)(1) (excluding from calculation the day of the event that triggers a time period); Wright v. Norris, 299 F.3d 926, 927 n.2 (8th Cir. 2002) (noting that Federal Rule of Civil Procedure 6(a) governs calculation of § 2244 time limits). The clock continued to run until Huber filed his petition for writ of habeas corpus in state court on March 1, 2013, a period of one year, 246 days, or 612 days.[2] The statute of limitations was tolled from March 1, 2013 through March 14, 2014, the day the S.D. Supreme Court denied a certificate of appeal and made final the dismissal of Huber's state habeas petition. On March 15, 2014, the clock on the statute of limitations began counting each day until Huber filed his § 2254 petition on May 29, 2014, an additional seventy-five days. Taking into account only the statutory tolling provision, Huber filed his § 2254 motion after 687 counted days had passed following the expiration of the time to file a direct appeal to his conviction, which was 322 days after the one-year statute of limitations ran. Therefore, Huber's petition for a writ of habeas corpus is time-barred unless the doctrine of equitable tolling applied to at least 322 of the counted days.

---

[2] 2012 was a leap year with 366 days.

4

The doctrine of equitable tolling may be applied to the statute of limitations for writ of habeas corpus when (1) extraordinary circumstances prevented timely filing of the petition and (2) the petitioner has diligently pursued his rights. Holland, 560 U.S. at 649. The party seeking equitable tolling of a time period bears the burden of showing both requirements.[3] Id.; Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013). Huber has not alleged facts sufficient to establish an extraordinary circumstance that would entitle him to equitable tolling of the statute of limitations.

Huber asserts that the time needed to prepare a state habeas petition considering the factual and legal complexities of the case against him—as evidenced by the twenty-seven page opinion written by the S.D. Supreme Court, "approximately 5000" pages of trial transcripts, "hundreds" of trial exhibits, and voluminous trial counsel files contained in seventeen "bankers' boxes"—are extraordinary circumstances that justify equitable tolling. Doc. 14 at 3–4. Further, Huber argues that the amount of material that was placed under seal during the proceedings, which required a court order and time for court clerks to make copies before he could access them, also prevented timely filing of his federal habeas petition. Id. at 4. Huber also states that he spent "613 days of the 688 countable" against him in preparation for his state habeas proceedings "gathering, organizing, reading and analyzing the trial and sealed record in this complicated murder case." Id. at 4–5.

---

[3]In Huber's response to the motion to dismiss, he quotes Holland: "We have previously made clear that a nonjurisdictional federal statute of limitations is normally subject to a rebuttable presumption in *favor* of equitable tolling." Doc. 14 at 2 (quoting Holland, 560 U.S. at 645–46 (alterations and quotations omitted in original)). Huber thereby suggests that he is entitled to a presumption of equitable tolling of the statute of limitations and that the burden is on the Government to show that it does not apply. However, the sentence in Holland quoted by Huber comes from the discussion of whether the § 2244(d)(1) statute of limitations may ever be tolled for equitable reasons, Holland, 560 U.S. at 645–49, not whether equitable tolling is appropriate in a given case. The Supreme Court in Holland clearly stated that the petitioner has the burden of showing entitlement to equitable tolling: "[A] 'petitioner' is 'entitled to equitable tolling' *only if he shows* '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (emphasis added) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

5

The size of the trial record and the steps Huber had to take in order to gain access to it, collectively, do not rise to extraordinary circumstances required for equitable tolling. Congress is presumed to have considered the difficulties regularly faced by petitioners for post-conviction relief, and those regular difficulties do not entitle a petitioner to equitable tolling. Jihad v. Hvass, 267 F.3d 803, 806–07 (8th Cir. 2001) (finding equitable tolling did not apply to the period in which the petitioner was preparing his state-court application for post-conviction relief). The fact that Huber had to request a court order from the state court to gain access to sealed records is an ordinary step for many petitioners seeking post-conviction relief. The process itself did not prevent Huber from filing this petition in a timely manner because, while helpful to a petitioner, neither the transcript nor the trial exhibits are necessary predicates to filing a § 2254 petition. See Jihad, 267 F.3d at 806–07. Moreover, the record shows that the state court acted expeditiously in granting Huber's request. Huber's attorney filed the motion to unseal the documents Huber sought to review on November 3, 2011, Doc. 14-1, and the state court filed the order granting the motion six days later, on November 9, 2011, Doc. 14-2. Nothing suggests that such a short delay in acquiring the sealed records constituted an extraordinary burden not normally faced by other petitioners. Similarly, the length of the transcript from the second jury trial is not an extraordinary burden. Lack of access to a trial transcript does not warrant equitable tolling, Jihad, 267 F.3d at 806; Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001), so it follows that equitable tolling does not guarantee a petitioner a certain amount of a time to obtain and review a trial transcript. Although Huber's trial was longer and more complex than many trials, a murder trial in which the only issue is intent falls within the ordinary range of case length and complexity to which the one-year statute of limitations applies.

## IV.   CONCLUSION

Huber's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was not filed within the one-year statute of limitations. Huber has not alleged sufficient facts to warrant the application of the doctrine of equitable tolling. Therefore, for the reasons stated above, it is hereby

6

ORDERED that Defendants' motion to dismiss, Doc. 8, is granted. It is further

ORDERED that Huber's petition for writ of habeas corpus is denied. It is finally

ORDERED that no certificate of appealability is issued.

DATED this 22nd day of January, 2015.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

7